Plaintiff, George Olivier, sues defendant, Ralph M. Williams, doing business as Williams Motor Company, claiming the sum of $900 (treble damages) plus a reasonable attorneys' fee, under the provisions of Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. Plaintiff alleges that he purchased from defendant, on December 6, 1945, a certain secondhand, 1941 model Plymouth automobile for $1,475, which was $300 above the ceiling price of the car as established by the Maximum Price Regulations promulgated by the Office of Price Administration; that he was, therefore, a victim of an illegal overcharge.
Defendant admitted the sale of the automobile to plaintiff, but denied that there was an overcharge, contending that the sale was made for $1,175.
The lower court awarded judgment in favor of plaintiff as prayed for, the attorneys' fees being fixed at the sum of $100. Defendant has taken this appeal.
It is conceded that the maximum price of the automobile in question was $1,175. It is not disputed that under the provisions of Sec. 205(e) of the Emergency Price Control. Act of 1942, as amended, a vendor of a commodity, who charges therefor an amount in excess of the ceiling price fixed by the Office of Price Administration, is liable to the aggrieved purchaser for three times the amount of the overcharge, and also for a reasonable attorney's fee.
The sole question presented is whether plaintiff, as he claims, paid $1,475 for the car, or whether the sale was made for $1,175 as defendant contends.
[1, 2] A detailed summarization of the evidence would serve no useful purpose. In brief, it was testified to by plaintiff that on December 6, 1945, he called at the used car lot of the defendant and bought the automobile for $1,475, paying the price in cash at the time of the sale; that the defendant took the money and handed him a receipt for only $1175. Olivier stated that he immediately complained to the defendant and insisted that the receipt be corrected to the extent that the sum of $1,475 be shown as the amount of the sale. Plaintiff's testimony is corroborated by a witness who accompanied him to defendant's place of business and was present when the sale took place; another witness for plaintiff testified that defendant quoted to him the price of $1,475 for a car identical with the one sold and delivered to Olivier.
On the other hand, the defendant testified that the automobile was sold to Olivier for $1,175; that plaintiff paid that amount only, and that the receipt showed the correct amount of the sale. Several other witnesses, most of whom were employees of the defendant, testified regarding the sale.
The testimony given by defendant and some of his witnesses is conflicting and in certain details is inconsistent. There is only a question of fact involved here. We have carefully reviewed the evidence and have reached the conclusion that the judgment appealed from is correct. It is well settled that conclusions of the trial court on questions of fact, with respect to the credibility of witnesses and the evaluation of their testimony, should be given great weight, and a judgment based on facts alone, will not be disturbed on appeal unless manifestly erroneous.
The judgment appealed from is affirmed.